The 4th District Appellate Court of the State of Illinois has now convened. The Honorable Peter C. Kavanaugh presiding. We'll first call 4-21-0438 and 4-22-0651. People of the State of Illinois v. Mark Prough. Counsel for the appellant, please state your full name for the record. My name is Susan Wilhelm. Thank you. And for the appellee? David Robinson for the people of the State of Illinois. Very well. Thank you. Parties may proceed. Good morning to the Court, Counsel. I'm Susan Wilhelm with the Office of the State Appellate Defender and I represent the appellant Mark Prough. Today, I will focus on the first two arguments from my brief. The trial court aired when it dismissed the May 22nd postconviction petition at the second stage when the state did not file a motion to dismiss. Mark clearly filed two petitions, the first on May 22nd, 2019, and the second on May 23rd. Both were titled Postconviction Petition, Actual Claim of Innocence. And the petition filed May 23rd had the date May 23, 2019, also written in the title. They were time stamped on consecutive days, the 22nd and the 23rd. Judge Smith's 2022 dismissal order acknowledges the two petitions were filed. And the state's brief acknowledged the two separate petitions were filed. Both petitions set forth a series of facts. The first petition listed 10 facts and the second listed 34. And although there is some overlap, Mark's ninth claim from the May 22nd petition that the court aired in finding him guilty, but not guilty, but mentally ill when he was not mentally ill is a unique issue to that brief. I'm sorry to that petition. Counsel, good morning. Yes, a question I'd like to ask you. Assuming that the trial court did commit error here in how it handled the petition of May 22nd. Doesn't the Supreme Court case of people versus Pingleton, tell us that a harmless error analysis would apply. And if we did apply that harmless error analysis, the test would be whether that error was I'm quoting unquantifiable or indeterminate. In other words, a structural error, so as to render this proceeding unfair. Isn't that the analysis we'd use and how then would the proceeding be unfair if we were to use this harmless error analysis. Well, your honor, I would say that then we look at the fact that Mark's petition did did contain an issue that was unique. That was never addressed. And when Mark was able to amend his petition, he added in issues. As I discussed in the 3rd argument, he added in an issue that he received ineffective account assistance of counsel and his Alfred plea. So, there are errors in this case that need to be addressed and that should be addressed. Additionally, I'm sorry, your honor. I was going to say that this is an initial post conviction petition and as that 1st post conviction petition. It is in a situation that subsequent petitions are not. He did not need leave to file. He was able to file this. He is able to amend this. And if this petition returns to the trial court, he is still able to amend this petition to bring his issues before the court. So, there would be error to him prejudice to him. Right. But if we were to assume that if we're looking at this, why wouldn't this have been a harmless error? I guess that's the bottom line. Why wouldn't this have been a harmless error? And don't we, as an appellate court, then really just have to examine whether or not his Alfred plea was knowing and voluntary. I mean, here, there were admonishments. The trial court gave him under 402. So, I guess I'm asking why isn't this harmless error and indeed wasn't the Alfred plea knowing and voluntary. Your honor 1st of all, no, I do not think the Alfred plea was knowing involuntary. Mark has raised that issue. And if you look through the hearing. It is clear that the hearing the plea hearing seems very rushed. They have to go back and correct it at a later date because they didn't have a proper factual basis. There are things that he was not told he's never told that he was waving an actual jury trial where he would be able to to call and question witnesses. And this is important because when you look at some of his early filings, excuse me, counsel, just to follow up on that issue at 1 moment. Does he ever say that if he had known he had the right to a jury trial that he would have insisted on proceeding to trial? Is that anywhere in the record? There are places in the record, and it's more of the filings that became the 1st case, the 2001 case where he does talk about not about wanting a jury and wanting to raise his issues before a jury. But does which 4th here that he would had he. But for the trial courts, deficient admonishments, he would not have pled guilty and would have insisted on proceeding to jury trial. He does not say anything that specific your honor. Thank you and I think that goes again to the problem here that when he does not have he has certain responsibilities. As a pro se litigant, when he was when the court allowed him to waive his counsel, he then became responsible for shaping his shaping his petition into a proper legal form. Something that was not fully explained to him when he was allowed to just go. After he filed an affidavit to the court, saying that he wanted to, he had counsel coming in and he did not need counsel to represent him. And at that point, no 1 ascertained whether Mark was making this decision knowingly and intelligently and no 1 explained to him. What the 2nd stage of post conviction proceedings look like, and what the expectations on him would be. Particularly as your honor just pointed out, he has to frame this with specific legal language to make his argument cognizable to the court. And making those defenses and using that language is something that he was simply not aware of. In fact, when he filed his affidavit saying that he wanted, he did not need counsel, he added in there a line that he wasn't going to be arguing any defense in this post conviction petition, which should have alerted the trial court. That he needed to understand where he was at 2nd stage and what that right to counsel meant and encompassed because at the 2nd stage. The job of the council is to amend your petition to set forth certain defenses to combat untimeliness to get through forfeiture. As to the issue, though, while the court may appoint counsel for him at the 2nd stage, if he presents information that he is not indigent and is not requesting counsel. How then would the court have the authority or the requirement if you will, under the statute, then to appoint counsel for him when he's suggesting he's not indigent and not requesting counsel. Your honor, I believe that some inquiry is still required to make sure that that is true and accurate. And also that he, it is a knowing involuntary waiver that he's not simply waving because he doesn't want to deal with Scott Schultz, who he had claimed who he has raised conflicts with the past. So, if it is by counsel at conviction and sentencing, then how do you believe that Supreme Court rule for a 1 would would apply if he was represented at both of those stages. Well, this is the statutory right to counsel under the post conviction hearing act. Okay, so it is a different right. But it still is required that knowing involuntary waiver. Okay, thank you. And again, your honors, I would just like to make the, I would just like to point out that. This petition was filed and dismissed without any motion to dismiss being filed by the state. If this petition was at the 2nd stage, it had been advanced there. And once it was placed on the docket at the 2nd stage. The state is required that the state files a motion to dismiss in order to for the court to address this petition. The state has said, excuse me, counsel, but didn't the state in effect do that? The allegations in the 522 petition were contained in the 523 petition. Correct 523 had a few more. But they were all encompassed. The state did file a motion to dismiss the 523 petition and there was a hearing. So, why did it not encompass the 522 petition? I'm sorry, your honor. Okay, for your 1st point. Fact number 9 on the 522 petition is distinct. From anything raised in the 523 petition and the 522. The March 23rd petition was dismissed almost immediately after it was filed. By judge Pistorius, I guess, and then it was redismissed. But in 2022 by judge Schmidt, is that what you're talking about? Yes, 520. Did I get the date? Isn't it? May? Yeah, you had said March. It's the May 22nd and May 23rd unless I got the dates wrong. I'm sorry. But no, they are made petitions, but the May 23rd petition was only addressed and dismissed by judge Pistorius way back in 2019 soon after it was filed. It was never readdressed by judgment. It's the May. Did it have to be. I'm sorry, did it have to be. Did the May 22nd petition have to be dismissed? We address. Okay, it had to be addressed once it was docketed and advanced to 2nd stage. This petition was filed on May 22nd. Of 2019 and. The PC process begins with the filing of a petition. It is docketed when it was filed and here this petition is file stamped May 22nd. 2019, the clerk of the court has a duty to dock at the petition and bring it to the petition, bring it to the attention of the trial court. But this petition was docketed back when it was file stamped. It just pended, but it pended at 1st stage. After 90 days passed, the trial court. Needed had no option, but to advance it per the statute to 2nd stage. And at 2nd stage, this petition. Was addressed and to dismiss at 2nd stage. The state needed to file a motion to dismiss. The court cannot sue a spawn to dismiss this petition. Which is what happened in this case when judge Schmidt looked at it and said. In July, I'm now going to address this petition. I believe judge. Intended to address it, so I'm going to address it now, but that intention. Doesn't override the inaction of the judge. Judge Schmidt did not advance the petition to 2nd stage. Those years previously, he had 90 days to summarily dismiss the petition. And after those 90 days have passed, this petition has advanced to 2nd stage. So, as for that issue, I would just say, again, that that 1st petition from May 22nd, 2019 was not summarily dismissed within 90 days. And it does advance to the 2nd stage. They're the trial court, so a spawn to dismissed it without a motion to dismiss. And this petition should be redacted for further proceedings. I would also assert that the court aired when it allowed Mark to waive the appointment of counsel without ensuring that he made. And knowing an intelligent waiver, he filed an affidavit with the court. And the court acted on that without his presence, without ever inquiring of him, if he still met what he put in that affidavit, what he meant from that affidavit. And if he was prepared to go forward and represent himself. On this petition, again, he only has the statutory right to counsel, but he still has to understand the nature of that right to counsel and how it applies to him in his circumstances. He needed to know that he would have to shape his arguments in a proper legal form, or they would be dismissed. And that did not occur in this case. And for that reason, I would ask that the court dismiss the reversal. I'm sorry, reverse the dismissal of this petition and remanded to the trial court for further proceedings under the act. If there are no further questions. Thank you. Thank you. Robinson's the. May please the court counsel. The parties below, including the court could be forgiven in this case for not making as clear a record as we would hope and pray at the appellate court in full candor to this court. I feel compelled to point out that this defendant has been malingering, manipulative, cunning and litigious. Since 2009, he's been wasting judicial resources and time since the time that and date of the initial manhunt following the murder of his father and that the house that he burnt down around him. The point here, I'm sorry. Well, go ahead. You were going to say to the point. Maybe that'll answer the question. I had to the point. I don't think. With all due respect that the defendant can have it both ways, either both of these pieces were dismissed. Or the May 22nd PC has never been ruled on at all. And therefore there's no jurisdiction in this court. That's what that's what I'm hearing today. So, the court did its level best based on what it had in front of it to address the claims of the defendant was bringing forward a, a condensed list of what was before the court around. Around the time the July 15th, 2021 order was entered. By Judge Trumper included a writ of quorum novus. A letter from the defendant, a motion to vacate judgment. A let another letter from the defendant. A motion to vacate judgment again, another motion to vacate judgment. And addendum to that motion. A writ of habeas corpus a motion to amend. And addendum to the motion to vacate judgment again, a motion to amend 7. A motion to subpoena withdraw plea motion to amend writ of quorum novus writ of habeas corpus. The post conviction petition. I'm going to interrupt now, please. So, I mean, it is the job of a court granted. There were a lot of motions to sort through these motions. I mean, that's that's the job of the trial court. And you mentioned a petition to a post conviction petition. We have this petition dated May 22nd. It would you agree that it did advance to the 2nd stage by operation of law. When it wasn't addressed specifically within the 90 days. No, I would not I would not confess that I would confess that a petition was filed on the 22nd your honor and I would confess that a petition. What purported to be a petition was filed on the 23rd. All the parties. The defendant, the court. Defense counsel who from time to time was in and out of the case as well as the state. Treated the May 23rd petition as a combined petition. That's what the record reflects. However, if so, maybe that's a step there for a 2nd, when you say a combined petition. What in the record reflects what do you mean by that? And what in the record reflects that? It was a quote combined petition. And that's why I began your honor with with the statement about the defendant. Cannot have it both ways. He can't he can't say that the petition was never ruled upon and then say that both were dismissed. And therefore, this court can review the 22nd, because throughout the proceedings, what the court did, beginning with the June 14th. I believe it was 19 judge order. Those those petitions were filed. Hours apart, basically the 22nd and 23rd, the court took that petition up and dismissed it. As time went on, defendant continued to file motions. All the parties below are continuing to operate as if that has been dismissed all the way up until. Counsel, if I can interrupt you there before we go any further, though, whether they were treating it that way. The real question, I think, is what is in the record to suggest? I mean, the June 14th, 2019 order only references the May 23rd, 2019 petition. There is no suggestion that the court treated the May 23rd petition as an amendment of the May 22nd petition. And would you concede that there are different allegations in the May 22nd and the May 23rd petitions? And there's nothing that I see in the June 14th, 2019 order. That is a ruling on a matter from the May 22nd, 2019 petition. That is specific only to that petition such that this court could could establish to the record that the June 14, 2019 order actually addressed both petitions. What specifically stopping at that point? What specifically in the record shows that the court in their June 14th order was addressing both of those petitions? Right. So in the July in the July 15th order from Judge Trump or my 21. Yes, your honor. So my recollection from the hearing in that case, I believe it was record at 824. I could be wrong about that, but I believe that's the record site. There was some discussion about this. And my recollection from the record is that, indeed, there was some discussion about the 22nd and the 23rd petitions being put together. Meaning that the court was assuming they were dealt with together. But I'm going back to at the time the June 14th order was entered of 2019. How can we ascertain that they were dealing with both petitions? Is there anything on the June 14, 2019 or prior to that in the order that this court can determine they were addressing both? I understand 2 years later in 2021, there's a suggestion of that effect, but at the same time, they go ahead and address in March of 2022. There's a docket entry saying that the May 22nd, 2019 petition is never ruled upon. I would submit to the court your honor that my answer is not going to be that palatable based on the discussion we've had thus far. Is that the totality of the record demonstrates that the parties below, including the court, were trying to do the best that they could with a malingering, manipulative, and litigious defendant. That may not be satisfactory to this court, but be that as it may, I think Justice Enoff has it just right that there's nothing about this that would be unfair in this court determining that if that was an error, it's totally harmless. Given the record here. Okay. And if there are no other questions from the court, I think the state has covered what it would hope to cover here. Any questions. Give me just one minute please just to double check here. Sure. Okay. I'm not sure you. With regard to the right to counsel, which opposing counsel addressed in her argument. How would you respond to that argument. Well, how could he have waived any right to counsel and wasn't he entitled to additional admonitions with regard to that. Well, I think that the trial court below here is entitled to some deference here. This defendant, again, this is why I've led and I followed up with the fact that this defendant is malingering and manipulative and cunning and very litigious. This court dealt with this defendant on multiple issues that I went through at length. And the court was trying to address and honor the defendant's request to proceed pro se in the way that it had hoped and knew that the defendant wanted. The reason that in our brief we discussed at length the communications between the defendant and the appellate defender's office is that he appeared to have an issue with his public defender below. And was in communication, thoughtful, intelligent communication with the appellate defender's office. And this is no accusation against the appellate defender. So I want to make that very clear. This type of manipulation is all at the hands of the defendant. It's utilizing information that he was receiving from the appellate defender in the trial court in order to manipulate those situations. I think what was happening below is the court's trying to deal with what it had in front of it. And what it clearly had in front of it at the time was a defendant who was demanding to represent himself. Reviewing the pleadings themselves surrounding the PC make that abundantly clear. The PC allegations themselves are borderline conspiratorial. And those conspiracies are directed not just at Judge Pistorius but also at the public defender. So it was obvious and clear to the court below what the defendant's intention was here. Any other questions? No, thank you. Thank you. Thank you, Your Honor. Thank you, Your Honors. I would just begin by saying that there's nothing manipulative or malicious about correspondence. My clients write to me and ask me questions. We have phone calls and ask questions, and I respond. I give my clients legal guidance. That is not manipulation. The state asks for deference for the trial court judge here. But the problem is we have no findings. We have nothing on the record to show why the trial court made the decision to allow my client to proceed pro se. And, again, it does not have to be – it has to be shown to be knowing and voluntary. And we do not have a record and any findings upon which to give that trial court deference. Counsel seems to be arguing and hit by calling my client manipulative and malicious that my client waived counsel by his conduct. That requires notice. I put in my brief cases about forfeiture of counsel. And that requires egregious misconduct, generally happening in the courtroom, and threats against a defense attorney. And those things, again, are documented. The trial court has to make findings. We don't have that here. I would also say, just to quickly address, I don't understand how there would be no jurisdiction for the May 22 petition. It was docketed. It was file stamped, and it pinned it. And then it was advanced to the second stage. So there's – it has jurisdiction. I'm – and I responded to the state's argument about jurisdiction in my reply brief. When counsel for the state talks about Judge Trumper's order, I would assert that – I'm sorry. I've gone through the record very thoroughly here. I did not see any discussion of the 2019 post-conviction petitions in any of those hearings. What they were discussing was that my client filed an additional post-conviction petition within those documents that he filed in 2021. He filed it without leave of court, and it was dismissed. And if you look at Judge Trumper's order, she mentions the orders that she's going through, the petitions that she's dismissing, and she is very clear that any petitions, motions, and requests for relief filed since the June 29, 2021 hearing are also denied. Judge Trumper did not in any way address this May 22, 2019 petition because it was still sitting there pending. And with that, Your Honors, I would ask that you recognize that these are two distinct petitions, that it had advanced to the second stage and was dismissed without the state filing a motion to dismiss, and return this to the trial court for further proceedings. Thank you. Thank you, counsel. Thank you both. The court will take this matter under advisement. We now stand in recess.